IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY | § § § § | |
| Plaintiff, | § | |
| v. | § § § | |
| CALTON INVESTMENTS, INC., MEYER & MEYER INVESTMENTS, INC., d/b/a AUTUMN WOOD, LLC and HEATHER SANCHEZ, Individually and as Representative of THE ESTATE OF BENJAMIN SANCHEZ and as next friend of KATE SANCHEZ and MICHAEL SANCHEZ, minors | § § § § § § § § § § | Civil Action no. _____ |
| Defendants. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

## THE PARTIES

1. Plaintiff Western World Insurance Company is an insurance company incorporated in the state of New Hampshire, with its principal place of business in New Jersey.

2. Defendant Calton Investments, Inc. is a citizen of Texas which may be served with process by service upon its registered agent, Brent E. Meyer, at 9731 Boerne Haze, Boerne TX 78006, by certified mail, return receipt requested.

3. Defendant Meyer & Meyer Investments, Inc. d/b/a Autumn Wood, LLC is a citizen of Texas which may be served with process by service upon its registered agent, Brent E. Meyer, at 9731 Boerne Haze, Boerne TX 78006, by certified mail, return receipt requested.

4. Defendant Heather Sanchez, individually and as Representative of the Estate of Benjamin Sanchez and as next friend of Kate Sanchez and Michael Sanchez, minors is a citizen

of Texas who may be served with process at 13313 Crystal Trail Conroe, Texas 77306, by certified mail, return receipt requested.

JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201, and 2202, in that (A) plaintiff Western World is now and always has been a citizen of a different state than the Defendants, (B) Western World seeks a declaration that it has no duty to defend or provide indemnity coverage under the Commercial Lines Policy it issued to Calton and Meyer & Meyer, and (C) the alleged losses claimed under the Western World policy exceed the jurisdictional amount, exclusive of interest and costs.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(b)(2), in that the underlying suit and the accident from which it arises occurred in the Eastern District.

BACKGROUND

7. This is a liability insurance action for declarations of non-coverage. The Defendants are parties in cause number 2015-886-CCL2 captioned *Heather Sanchez, individually and as representative of the Estate of Benjamin Sanchez, deceased, and as next friend of Kate Sanchez and Michael Sanchez, minors v. Meyer & Meyer Investments, Inc. d/b/a Autumn Wood, LLC* in the County Court at Law No. 2 of Gregg County, Texas (hereafter "the underlying suit").[1] The First Amended Original Petition in the underlying suit alleges that on or about March 7, 2015, David Denman was traveling northbound on Highway 31 in Gregg County, Texas, as the underlying suit plaintiffs were traveling southbound. The Petition alleges that Mr. Denman traveled onto the wrong side of the roadway and thereby violently collided with the vehicle driven by the deceased, Benjamin Sanchez, and in which Mrs. Sanchez and their two children were passengers.

---

[1] Defendant Calton is not a defendant in the underlying suit, but is the named insured on the Western World liability insurance policy under which the Defendants seek coverage for the underlying suit.

PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT          Page 2

8. According to the underlying suit's First Amended Original Petition, Mr. Denman was an employee, agent, and/or authorized representative of Meyer & Meyer, and was working within the course and scope of his employment with Meyer & Meyer at the time of the collision. The Petition alleges that Mr. Denman was on-call on behalf of his employer, Meyer & Meyer, and that at the time of the collision he had been called in by his employer and was on his way back to the apartment complex where he worked and was on a special mission for his employer, such that Meyer & Meyer is responsible for the acts of its authorized employee at the time of the occurrence. The Petition seeks damages allegedly caused by the negligence and negligence per se of defendant Meyer & Meyer by and through its employee, Mr. Denman.[2]

9. The Defendants seek coverage under the Western World liability insurance policy issued to Defendant "Calton Investments, Inc.," an entity related by common ownership to Defendant Meyer & Meyer. The policy contains a CG 00 01 12 07 Commercial General Liability Coverage Form ("the CGL Form"), which provides in relevant part as follows:

**SECTION I - COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

---

[2] Mr. Denman was also killed in the collision, and will likely be added to the underlying suit as a defendant once the administration of his estate has been set up. In that event, Western World will if necessary seek leave to amend its Complaint in this action in order to add the estate as a Defendant.

  **b.**  This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" . . .

   *  *  *

**2.**  **Exclusions**

  This insurance does not apply to:

  **g.**  **Aircraft, Auto Or Watercraft**

    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

*  *  *

**SECTION V – DEFINITIONS**

   *  *  *

**2.**  "Auto" means:

  **a.**  A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

  **b.**  Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

   *  *  *

**3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   *  *  *

**5.**  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

   *  *  *

**10.**  "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

   *  *  *

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   *  *  *

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the Aoccurrence@ that caused it.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

### GROUNDS FOR DECLARATORY JUDGMENT

10. Western World is entitled to a declaration that the liability insurance policy under which the Defendants seek coverage for the underlying suit does not obligate Western World to defend or provide indemnity coverage in the underlying suit, because the policy's CGL Form Coverage A Exclusion **2.g** set out above applies to exclude coverage on the underlying suit allegations and on any plaintiffs' judgment arising from the underlying suit.

### RELIEF REQUESTED

11. Pursuant to 28 U.S.C. §§ 2201 and 2202, Western World requests that the Court (A) construe the Western World liability insurance policy in light of the underlying suit's allegations and evidence, and (B) declare that Western World has no duties under the policy to defend or indemnify the in the underlying suit. Plaintiff Western World Insurance Company respectfully prays that the Court enter judgment in favor of Western World as set out above, and that the Court award Western World its taxable court costs and all such other and further

relief to which it may be entitled.

              Respectfully submitted,

        By:   s/Robert G. Hogue
             Robert G. Hogue
             State Bar No. 09811050

             ROBERT G. HOGUE, P.C.
             Highland Park Place
             4514 Cole Avenue, Suite 600
             Dallas, Texas 75205-4193
             Phone: (214) 559-7107
             Fax: (214) 559-7101

         COUNSEL FOR PLAINTIFF WESTERN
          WORLD INSURANCE COMPANY